# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEDERAL TRADE COMMISSION,

          *Plaintiff*,

    v.

AMGEN INC.

and

HORIZON THERAPEUTICS PLC,

          *Defendants*.

Case No. 1:23-cv-03053

Judge John F. Kness

**PROPOSED CASE MANAGEMENT ORDER**

Pursuant to the parties' stipulation and the Court's order of May 23, 2023, the parties have met and conferred, and propose the following case management order, which the Court hereby adopts as detailed below.

A. **SCHEDULE.**

| Event | Date |
|---|---|
| Exchange of Preliminary Witness Lists | June 2, 2023 |
| Defendants' Response to Plaintiff's Complaint | June 9, 2023 |
| Exchange of Supplemental Witness Lists | June 20, 2023 |
| Plaintiff's Memorandum of Law in Support of Preliminary Injunction Motion | |
| Plaintiff's Opening Expert Reports | |
| Close of Fact Discovery | |
| Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction and Defendants' Expert Reports | August 21, 2023 |
| Plaintiff's Reply Brief in Further Support of Motion for Preliminary Injunction and Plaintiff's Rebuttal Expert Reports | September 1, 2023 |
| Deadline to Serve Final Witness Lists and Proposed Exhibit Lists | September 6, 2023 |

| Event | Date |
|---|---|
| Deadline to Complete Expert Depositions | September 6, 2023 |
| Final Pre-Trial Conference | September 8, 2023 |
| Evidentiary Hearing Begins | September 11, 2023 |
| Opening Post-Trial Briefs and Proposed Findings of Fact and Conclusions of Law | September 29, 2023 |

**B.     DISCOVERY.**

1. <u>Fact Discovery</u>.  Fact discovery commenced on May 18.

2. <u>Initial Disclosures</u>.  The parties agree to forego the requirement to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

3. <u>Pre-Trial Discovery Conference</u>.  This Order relieves the parties of their duty under Federal Rule of Civil Procedure 26(f) to confer about scheduling and a discovery plan.

4. <u>Document Requests and Production</u>.  There shall be no limit on the number of requests for production of documents that the parties may serve.  The parties shall serve any objections to requests for the production of documents no later than ten (10) calendar days after the date of service of the document requests to which they assert objections.  Within two (2) business days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections.  Responsive productions (subject to any objections or custodian issues that have not been resolved) must be made on a rolling basis and must begin as soon as reasonably practicable after the date of service.  All productions must be completed within 30 calendar days of the document request.  In response to any document requests, the parties need not produce to each other in discovery in this case any documents previously produced by Defendants to the FTC in the course of the investigation of the acquisition of Horizon by Amgen, FTC File No. 231-0037.

5. <u>Interrogatories</u>.  The parties shall serve no more than fifteen (15) interrogatories per side (no more than five of which may be contention interrogatories).  The

parties shall serve objections to interrogatories no later than ten (10) calendar days after the date of service. Within two (2) business days of any objections, the parties must meet and confer to attempt to resolve the objections. The parties must make good-faith efforts to provide complete answers to interrogatories no later than twenty (20) calendar days after service of the interrogatories.

     6.  <u>Third-Party Discovery</u>. No party issuing a third-party subpoena for the production of documents or electronically stored information shall request a return date sooner than seven (7) calendar days after service. Each party shall produce all materials received pursuant to a third-party subpoena or other formal or informal request, including any declarations or affidavits obtained from a third party, to the other party in the format in which those materials were received within two (2) business days of receiving those materials. In the event a non-party produces documents or electronic information that are non-Bates-stamped—in addition to producing the materials in the format in which they were received within two (2) business days of receiving them—the party receiving the documents shall promptly Bates-stamp the documents or electronic information and produce them in a reasonable timeframe.

     7.  <u>Depositions</u>.

  The Court's Case Management and Scheduling Order incorporates by reference the procedures for Depositions as provided on the Court's website.

     a)  *Number of Fact Depositions.* Each side is entitled to depose any individual who is listed on either side's preliminary, supplemental or final witness lists. In addition, each side is entitled to depose (1) any individual who signed a declaration or letter supporting or opposing Amgen's acquisition of Horizon; and (2) any third-party witness who appeared for an investigational hearing taken in the investigation conducted by the FTC. Each witness may only be deposed once in this litigation in their individual capacity unless that witness or third party signs a new declaration or letter supporting or opposing Amgen's acquisition of Horizon. In that case, the witness may be re-deposed in a deposition of limited duration for the limited purpose of inquiry into that modified agreement or declaration,

3

notwithstanding any other provisions in the CMSO. In addition to those individuals listed under B.7(a), each side may take a maximum of ten (10) fact depositions of party and third-party witnesses. Plaintiffs may take the deposition of any party witness listed on either side's preliminary witness list as well as no more than five (5) additional depositions of party witnesses. A Rule 30(b)(6) notice counts as no more than one (1) deposition, in the event a party or third party designates multiple individuals in response to a notice. Additional depositions of fact witnesses shall be permitted only by agreement of the parties or by leave of the Court for good cause shown.

      b) *Allocation of time:* All depositions, including depositions of fact (including 30(b)(6) witnesses) and expert witnesses, shall last no more than seven (7) hours on the record. For the avoidance of doubt, a single 30(b)(6) notice entitles the serving side a maximum of seven (7) hours of testimony on the record on the topics in the notice, regardless of whether multiple witnesses are designated to respond to those topics. For party witnesses or third-party witnesses retained by any party (e.g., as a consultant, agent, contractor, or representative) in connection with the proposed transaction, or any former employees of any party, the other side will have the opportunity to use up to seven (7) hours for the deposition, consistent with the restrictions on 30(b)(6) depositions described in this section. If both Plaintiff and Defendants notice any third-party deposition, they shall allocate the time evenly between them. If both Plaintiff and Defendants notice any third-party fact deposition, the deposition shall count against each side's respective deposition totals. Unused time in any side's allocation of deposition time shall not transfer to the other party. The parties anticipate reaching a separate protocol governing remote depositions.

      c) *Notice:* The parties may not serve a deposition notice with fewer than seven (7) calendar days' notice. The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition. The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule. If a party serves a non-party with a subpoena for the

4

production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least seven (7) calendar days after the original return date for the document subpoena. The parties agree to make good-faith efforts to schedule all third-party depositions by the close of fact discovery.

        8.      <u>Expert Depositions</u>. A single seven (7) hour (on the record) deposition of each expert shall be allowed.

        9.      <u>Discovery Uses</u>. All discovery taken in the above-captioned litigation can be used in connection with any Part 3 administrative proceeding relating to Amgen's acquisition of Horizon. Only discovery obtained by a party in the Part 3 administrative proceeding before the close of fact discovery in this proceeding may be used as part of this litigation, except by agreement of the parties or by leave of the Court for good cause shown.

        10.      <u>Limitations on Party and Third-Party Declarations or Affidavits</u>. No party may submit as evidence a declaration or affidavit from a party or third-party witness if such declaration or affidavit was executed or served less than one week prior to his or her agreed-to deposition date. In any event, no party or third-party declaration or affidavit may be submitted as evidence if it was executed or served less than fourteen (14) calendar days before the close of fact discovery unless it is a supplemental third-party declaration or affidavit related to a previously given third-party declaration or affidavit, in which case the parties agree to not oppose any efforts to depose, or re-depose, such a declarant or affiant irrespective of any other provisions of this order.

        11.      <u>Expert Materials Not Subject to Discovery</u>. Expert disclosures, including each side's expert report(s), shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

            a)      Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials: (i) any form of communication or work product shared between any of the parties' counsel and their expert(s) or consultants, or between any of the experts themselves; (ii) any form of communication or work product shared

between an expert and persons assisting the expert; (iii) expert's notes, unless they constitute the only record of a fact or an assumption relied upon by the expert in formulating an opinion in this case; (iv) drafts of expert reports, analyses, or other work product; (v) or data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report, except as set forth in 13(b).

    b)  The parties agree that they will disclose the following materials with all expert reports: (i) a list by Bates number of all documents relied upon by the testifying expert(s); (ii) copies of any materials relied upon by the expert not previously produced that are not readily available publicly; (iii) and for any calculations appearing in the report, all data and programs underlying the calculation, including any processed data files relied upon by the expert in forming his or her opinion and all programs and codes necessary to recreate the calculation from the initial ("raw") data files.

    12.  To the extent a third-party deposition is properly noticed in accordance with this Order and the third party's schedule cannot accommodate a deposition before the end of fact discovery, a later deposition may occur with the agreement of both sides. No party may unreasonably withhold agreement. All discovery in this case, including discovery initiated prior to the entry of the CMSO, shall be subject to the CMSO as entered by any Court.

  **C.**  **BRIEFING AND PRE-HEARING DISCLOSURES**

    13.  <u>Preliminary Injunction Motion Papers</u>. The parties continue to meet and confer on page limits for the parties' preliminary injunction papers.

    14.  <u>Witnesses Lists</u>.

    a)  *Preliminary Witness Lists:* The parties shall exchange preliminary witness lists. Defendants shall jointly submit one list. Preliminary witness lists shall include for each witness: (a) the witness's name and employer; (b) the name, address, telephone number, and email address of the witness's counsel (or, if not represented by counsel, the witness's address, telephone number, and email address); (c) an indication of whether the witness will offer lay or expert testimony; and (d) a summary of the general topics of each witness's

anticipated testimony. The number of fact witnesses who may be included on any side's preliminary witness list shall not exceed fifteen (15). The preliminary witness lists shall include only witnesses that a side believes in good faith it will present at the evidentiary hearing live.

      b) *Supplemental Witness Lists:* Each party shall supplement their witness list to include any additional fact witnesses and all expert witnesses that will be or may be submitting an expert report and/or testifying at trial. The number of fact witnesses who may be included on any side's supplemental witness list shall not exceed ten (10), except for good cause shown. With this supplemental witness list, each side shall provide a summary of the general topics of each witness's anticipated testimony.

      c) *Final Witness Lists:* Final party and third-party witness lists shall be exchanged. The number of fact witnesses who may be included on any side's final witness list shall not exceed twenty (20), except for good cause shown. Only a witness who appears on either party's preliminary witness list, supplemental witness list, or were otherwise deposed during fact discovery may be included on a party's final witness list. Final witness lists shall include for each witness (including both fact and expert witnesses): (a) an indication of whether the witness will offer expert testimony; and (b) a summary of the general topics of each witness's anticipated testimony. No witness shall be permitted at trial unless the opposing side had an opportunity to depose the witness before trial.

    15. <u>Exhibit Lists</u>. The parties shall exchange proposed exhibit lists.

    16. <u>Deposition Designations.</u> The parties continue to meet and confer regarding whether, and if so how, testimony taken before the evidentiary hearing may be admitted as evidence.

    17. <u>Objections.</u> The parties continue to meet and confer concerning objections to witnesses, exhibits and deposition designations, including whether they can be reserved to post-trial briefing.

  **D.** **EVIDENTIARY HEARING.**

    18. <u>Hearing</u>. The Court will conduct an evidentiary hearing in person on

Plaintiff's motion for a preliminary injunction.

      19.    Time Allocated.  The parties continue to meet and confer about the time required for the hearing, but expect to propose that the hearing be timed and time split evenly between sides.

      20.    Evidentiary Presumptions.

      a)    Documents produced by non-parties from the non-parties' files shall be presumed to be authentic.  Any good-faith objection to a document's admissibility must be provided with the exchange of other objections to trial exhibits.  If a party serves a specific good-faith written objection to the document's authenticity, the presumption of authenticity will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection.  The Court will resolve any objections that are not resolved through these means or through the discovery process.

      b)    All documents produced by a Defendant either in response to document requests in this litigation or in the course of the FTC's pre-complaint investigation of the proposed acquisition, FTC File No. 231-0037, or any prior FTC investigation, are presumed to be authentic.  If a party serves a specific good-faith written objection to any such document's authenticity, the parties will promptly meet and confer to attempt to resolve any objection.  The Court will resolve any objections that are not resolved through these means or through the discovery process.

      21.    Proposed Findings of Fact and Conclusions of Law.  The parties continue to meet and confer about proposed findings of fact and conclusions of law and any responses thereto.

      22.    Newly-Available Information.  Discovery in this matter will take place on an accelerated basis.  This order does not preclude any party from subsequently relying on evidence, including in court filings, arguments, and expert reports, that was not produced at the time of initial expert reports or briefs.  Further, given that the schedule contemplates briefs and expert reports submitted before the close of fact discovery, this order does not limit either party

to simply responding to previously raised arguments or evidence in any rebuttal or sur-rebuttal reports or reply or sur-reply briefs. Each party reserves the right to object to the admissibility of such evidence.

### E. OTHER MATTERS.

23. <u>Service.</u> Service of any documents not filed via ECF, including discovery requests, notice of Rule 45 subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence, whether under seal or otherwise, shall be served by electronic mail to the following individuals designated by each party:

<u>For Plaintiff</u>:

| | | |
|---|---|---|
| | To the FTC: | Stephen Mohr |
| | | Jordan Andrew |
| | | Nathan Brenner |
| | | Jacob Danziger |
| | | Evan Johnson |
| | | Jessica Weiner |

<u>For Defendants</u>:

| | | |
|---|---|---|
| | For Amgen: | David Marriott |
| | | Timothy Cameron |
| | | Daniel Zach |
| | | Jesse Weiss |
| | | Renata Hesse |
| | | Samantha Hynes |
| | For Horizon: | Ethan Glass |
| | | Jacqueline Grise |
| | | David Burns |

24. <u>Voluminous Materials.</u> In the event that any documents are too voluminous for electronic mail, the parties may serve an electronic version of the papers on opposing counsel via an electronic file transfer platform. The serving party will telephone or email the other side's principal designee when the materials are sent to alert them that the materials are being served.

25. <u>Time of Service.</u> Service of court filings by 11:59 PM Central Time shall

9

be considered to have been filed on that day. For purposes of this provision, service of all other correspondence, discovery requests, witness lists, exhibit lists, objections, expert reports, and productions from parties and third parties by 11:59 PM Eastern Time shall be considered served on that day.

      26.    <u>Nationwide Service of Process</u>. Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties will be allowed nationwide service of process of discovery and trial subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23, to issue from this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under these rules regarding the use at trial of a deposition taken in this action.

      27.    <u>Third-Party Confidential Information</u>. The Interim Confidentiality Order entered by the Court on May 19, 2023 shall govern discovery and production of Confidential Information unless and until superseded by future order. Any party serving discovery requests, notices, or subpoenas sent to a non-party shall provide the non-party with a copy of the Confidentiality Order.

      28.    <u>Privilege Logs</u>. The parties agree to suspend the obligations of Federal Rule of Civil Procedure 26(b)(5)(A) to produce a log of privileged materials withheld from discovery taken in this action (excluding Defendants' productions made during the course of the FTC's pre-complaint investigation). Notwithstanding the foregoing, the parties shall log withheld materials that are: (1) authored by, addressed to, or received from any non-party; (2) internal to a party that are not authored by, sent to, or received from the party's attorneys; (3) authored by, addressed to, or received from any party executive who serves both in-house business and legal roles; and (4) authored by, addressed to, or received from any executive who has a law degree, even if the executive is not a practicing attorney. For purposes of this Paragraph, a "non-party" excludes a party's retained expert and employees of such expert within the meaning of Federal Rule of Civil Procedure 26(b) and/or Federal Rule of Evidence 702. The

parties shall maintain all documents responsive to a discovery request that they withhold pursuant to a claim of privilege or protection. The FTC agrees to log any external communication withheld due to deliberative process privilege. This Paragraph shall not alter either Party's right to challenge any privilege claims made by either Party, including, but not limited to, any deliberative process privilege claim.

29. <u>Electronically Stored Information</u>. The parties agree as follows regarding the preservation and production of electronically stored information ("ESI"):

a) All parties have established litigation holds to preserve ESI that may be relevant to the expected claims and defenses in this case. In addition, the parties have taken steps to ensure that automatic deletion systems will not destroy any potentially relevant information.

b) All parties will request ESI in the form or forms that facilitate efficient review of ESI. In general, the parties will produce ESI according to the same ESI technical specifications used by Defendants in the FTC's pre-complaint investigation.

30. <u>Modification of Case Management and Scheduling Order</u>. Any party may seek modification of this Order for good cause.

31. <u>Statements Regarding Local Rules 16.1 and 16.3</u>. The parties do not consent to assignment of this case to a magistrate judge for all purposes, including trial. The parties are amenable to settling this case but, despite their pre-Complaint efforts, have not been able to resolve their different views on the likely effects of the proposed merger. Presently, the parties do not believe that the case would benefit from the Court's alternative dispute resolution procedures.

32. Federal Rule of Civil Procedure 6(a)(1)(C) is to be applied when computing the deadlines in this Order.

**SO ORDERED.**

JOHN F. KNESS
United States District Judge

Dated: _____, 2023