

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Nathan Brenner
Bureau of Competition

May 30, 2023

**By CM/ECF**

The Honorable John F. Kness
United States District Court Judge
Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street
Chicago, Illinois 60604

Dear Judge Kness,

Plaintiff Federal Trade Commission ("FTC") respectfully requests that the Court enter the Proposed Case Management Order. *See* Exhibit A. The parties have worked in good faith to agree on nearly every term in the proposed order with the exception of three key dates: (1) the close of fact discovery; (2) the FTC's opening brief; and (3) the FTC's opening expert report(s). The FTC proposes a schedule that will fairly and efficiently move this important matter to an evidentiary hearing while ensuring sufficient time for discovery and briefing.

The FTC filed its complaint on May 16, 2023 and the parties agreed to a proposed case management order on May 22, 2023. Underlying that agreement was the parties' explicit assumption that the Court would have availability to schedule a planned evidentiary hearing in mid-August 2023. *See* Joint Motion for Entry of Case Management Order, Dkt. No. 42. Due to the incredibly accelerated timeframe, with an evidentiary hearing only three months after filing its complaint, the FTC was willing to agree to a truncated and highly unusual briefing schedule: the schedule would have required the FTC to submit its initial expert report(s) and brief prior to the close of fact discovery.

1

On May 23, the Court scheduled an evidentiary hearing for September 11, 2023. With four weeks added to the parties' contemplated schedule, it is in the interest of the parties and the Court to establish a schedule that allots adequate time to both the FTC and Defendants for fact discovery and subsequent expert reports and briefing.

I.      THE FTC PROPOSES A FAST-PACED, BALANCED SCHEDULE

The FTC's proposed schedule provides all parties the ability to conduct effective discovery and, only once discovery is complete, present the evidence developed through briefs and expert reports. Though the FTC initially offered to proceed on the papers alone, Defendants requested robust fact discovery in advance of an evidentiary hearing. The FTC's proposed schedule follows standard litigation and briefing practice: first the parties conduct fact discovery, then the parties exchange briefs and/or expert reports. To maximize time for fact discovery, the FTC's proposed schedule contemplates that after the close of fact discovery on July 26, the FTC would have only two days to submit its initial brief and expert report(s). Defendants would then have over three weeks to submit their opposition. The FTC's request is simple—if Defendants have the benefit of fact discovery, the FTC should have the same opportunity.

Defendants' proposed schedule turns the notion of a discovery period on its head, requiring the FTC to submit its opening brief and expert report(s) 33 days *before* discovery is complete. Defendants' proposal would substantially prejudice the FTC's ability to incorporate all relevant discovery into its initial brief and expert report(s). Among FTC proceedings seeking preliminary injunctions, Defendants' proposed schedule would be highly unusual if not entirely unprecedented. For example, in a comparable merger challenge in the Norther District of Illinois, the FTC's opening brief and expert report(s) were due on the same day fact discovery closed. *FTC v. Advocate Health Care Network*, No. 15-cv-11473 (N.D. Ill. Jan. 12, 2016), ECF No. 39. Myriad recent case management orders provided similar sequencing, with the FTC's opening

2

brief and expert report(s) due no earlier than the close of fact discovery. *See, e.g.*, *FTC v. Intercontinental Exchange, Inc.*, No. 23-cv-01710 (N.D. Cal. May 16, 2023), ECF No. 94; *FTC v. Hackensack Meridian Health, Inc.*, No. 20-cv-18140 (D.N.J. Jan. 8, 2021), ECF No. 61; *FTC v. Peabody Energy Corp.*, No. 20-cv-00317 (E.D. Mo. April 9, 2020), ECF No. 118; *FTC v. Thomas Jefferson University*, No. 20-cv-01113 (E.D. Pa. Apr. 17, 2020), ECF No. 54; *FTC v. RAG-Stiftung*, No. 19-cv-02337 (D.D.C. Aug. 12, 2019), ECF No. 21; *FTC v. Wilh. Wilhemsen Holding ASA*, No. 18-cv-00414 (D.D.C. Mar. 15, 2018), ECF No. 21; *FTC v. Sanford Health*, No. 17-cv-00133 (D.N.D. Aug. 1, 2017), ECF No. 50;. The only known recent exception to this principle is *FTC v. Meta Platforms, Inc.*, No. 22-cv-04325, where *both the FTC and the defendants* submitted their opening briefs and expert reports before fact discovery closed.

II. **DEFENDANTS CANNOT JUSTIFY DIVERGING FROM STANDARD DISCOVERY PRACTICES**

No circumstances support Defendants' proposed schedule. Defendants have known the scope and contours of the FTC's case since at least January 2023, when the FTC issued documentary requests as part of its merger review process. Further, throughout the FTC's investigation, staff routinely shared with Defendants the FTC's developing view of the relevant markets and the proposed merger's potential anticompetitive effects. Defendants cannot claim surprise, having previously submitted advocacy to the FTC attempting to address the very concerns alleged in the FTC's complaint. Defendants even had an opportunity to brief the FTC's Chair and Commissioners on those very same issues. Defendants also had access to the vast majority of the FTC's investigative file long before the FTC even received these materials. Approximately 80% of documents in the FTC's investigative file consist of Defendants' own documents. Now that the start of the evidentiary hearing has been moved back to mid-September, there are no unusual circumstances that would warrant submission of the FTC's

opening brief and expert report(s) over a month before the close of fact discovery.

If anything is unique about this matter, it is the speed with which the FTC was forced to conduct and complete its investigation. Public reporting shows that the average "significant [merger] investigation[]" in 2022 lasted approximately 11.8 months. *See* DAMITT 2022 Annual Report, Dechert LLP (Jan. 23, 2023), https://tinyurl.com/527en5v7. Defendants rushed through the merger review process, threatening to close their transaction only 4.5 months after formally filing with the FTC their intent to merge. Accordingly, though the FTC seeks only a standard scheduling order, it would be justified in requesting additional time for fact discovery given the rapid pace in which it was required to review and assess the proposed transaction initially.

### III. ALTERNATIVE SCHEDULES ARE PREFERABLE TO DEFENANTS' PROPOSAL

Although the FTC's proposed schedule is reasonable and fair, the FTC has also presented Defendants with an alternative proposed schedule in the interest of seeking a compromise. To address Defendants' request to view even more of the FTC's underlying allegations than were already shared during the investigation and in its Complaint, the FTC offered to submit its opening brief well before the close of fact discovery. The FTC's opening expert report(s) would then be due only two days after the close of fact discovery. *See* Exhibit B.

Defendants' proposal purports to draw from the parties' prior agreement, but it does so without justification. The prior agreement is not relevant now that the parties and the Court have four additional weeks to work with. The FTC agreed to the prior proposal, and the structure of filing its brief and expert report(s) before the close of fact discovery, only because it was otherwise impossible to construct a reasonable briefing and report schedule under such a truncated timeframe. With additional time, there is no longer any need to forgo the standard discovery and briefing process described above.

Even so, if the Court is inclined to extend the deadlines from the parties' prior agreement, the FTC respectfully requests that it push each deadline back uniformly, either three or four weeks, with a small amount of additional time, distributed equally, for the Defendants' opposition briefs and expert report(s), as well as for the FTC's reply brief and expert report(s).

\* \* \*

The FTC's proposed schedule provides all parties with a meaningful and equal opportunity to conduct fact discovery before briefs and expert report(s) are due. Accordingly, the FTC respectfully requests that the Court enter the FTC's proposed scheduling order reflected in Exhibit A. In the alternative, the FTC proposes the schedule reflected in Exhibit B, or if the Court is inclined, to extend uniformly the disputed deadlines from the parties' prior agreement.

Respectfully submitted,

*/s/ Nathan Brenner*
Nathan Brenner (Illinois Bar 6317564)
Stephen A. Mohr
Jordan S. Andrew
Jacob Danziger
Jessica Weiner

Federal Trade Commission
Bureau of Competition
400 Seventh Street, SW
Washington, D.C. 20024
Telephone: (202) 326-2314
Email: nbrenner@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

Rachel F. Sifuentes
Midwest Regional Office
Federal Trade Commission
230 S. Dearborn St., Room 3030
Chicago, IL 60604

*Local Counsel for Plaintiff
Federal Trade Commission*