# CRAVATH

David R. Marriott
dmarriott@cravath.com
T+1-212-474-1430
New York

May 30, 2023

*Federal Trade Commission v. Amgen Inc., et al., No. 23-cv-03053 (N.D. Ill.)*

Dear Judge Kness:

  This firm and Sullivan & Cromwell LLP represent Defendant Amgen Inc. ("Amgen") in the above-titled matter. All parties have agreed to all of the terms of a proposed Case Management Order ("CMO"), except for certain dates in the proposed schedule. The parties submitted a joint motion earlier today regarding entry of a CMO, and agreed to write separately to the Court with respect to the disputed dates. This letter is respectfully submitted by Defendants Amgen and Horizon Therapeutics PLC ("Horizon") (collectively, "Defendants") in support of their proposed schedule.

**Background**

  The Federal Trade Commission ("FTC") commenced this action on May 16, 2023, seeking a temporary restraining order ("TRO") and preliminary injunction ("PI") blocking Amgen from acquiring Horizon. The FTC's complaint raises novel antitrust claims which the agency describes only in broad generalities.[1] Defendants believe the acquisition is lawful, the FTC's allegations are baseless, and there is no cause for a TRO or PI. Defendants nevertheless consented to the entry of a TRO of a limited duration in order to give the Court a full and fair opportunity to review the FTC's allegations and issue a decision.

  The parties previously negotiated a CMO, including a schedule, that would allow the case to be tried in August, on the assumption the Court could hold a hearing beginning on August 14, 2023. However, during the case management conference held on May 23, 2023, the Court advised the parties that it could not begin a hearing in this matter until September 11, and directed the parties to submit a revised schedule, including discovery and briefing deadlines.

  Following the May 23 conference, the parties met and conferred about a revised schedule and reached agreement on the majority of dates, covering the beginning and end of the timetable. We have, however, been unable to agree on certain key interim dates. Defendants proposed simply to extend the already-agreed-upon dates by a few weeks, retaining the essence

---

[1] *See Antitrust Gone Wild Against Amgen*, WALL ST. J. (May 18, 2023 6:44 PM), https://www.wsj.com/articles/federal-trade-commission-lina-khan-antitrust-amgen-horizon-therapeutics-holly-vedova-43bba80b.

NEW YORK
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
T+1-212-474-1000
F+1-212-474-3700

LONDON
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

WASHINGTON, D.C.
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

of the parties' prior agreement and affording the parties some additional time following the close of briefing to prepare for trial. In contrast, the FTC first proposed a significant extension of the date by which it would submit its memorandum in support of a PI ("PI memorandum") and its expert reports—significantly delaying the disclosure of the FTC's specific factual allegations and the legal basis for its novel claims—and then proposed (in the alternative) to stagger briefing and expert reports in a way that would unnecessarily complicate and potentially weaken Defendants' briefing to the Court.

**Defendants' Proposal**

Defendants' proposed schedule is set out in the below table, which also reflects the parties' original agreement (assuming an August hearing date) and the FTC's new proposal:

| Event | Prior Agrm't | Defs' Proposal | FTC's Proposal |
|---|---|---|---|
| Exchange of Preliminary Witness Lists | May 26 | June 2 | June 2 |
| Defendants' Response to Plaintiff's Complaint | June 2 | June 9 | June 9 |
| Exchange of Supplemental Witness Lists | June 9 | June 20 | June 20 |
| Plaintiff's Memorandum of Law in Support of Preliminary Injunction Motion | June 27 | ***July 7*** | ***July 28*** |
| Plaintiff's Opening Expert Reports | June 27 | ***July 7*** | ***July 28*** |
| Close of Fact Discovery | July 26 | ***Aug. 9*** | ***July 26*** |
| Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction and Defendants' Expert Reports | July 28 | Aug. 21 | Aug. 21 |
| Plaintiff's Reply Brief in Further Support of Motion for Preliminary Injunction and Plaintiff's Rebuttal Expert Reports | Aug. 4 | Sept. 1 | Sept. 1 |
| Deadline to Serve Final Witness Lists and Proposed Exhibit Lists | Aug. 7 | Sept. 6 | Sept. 6 |
| Deadline to Complete Expert Depositions | Aug. 9 | Sept. 6 | Sept. 6 |
| Final Pre-Trial Conference | Aug. 11 | Sept. 8 | Sept. 8 |
| Evidentiary Hearing Begins | Aug. 14 | Sept. 11 | Sept. 11 |
| Opening Post-Trial Briefs and Proposed Findings of Fact and Conclusions of Law | 10 days after hr'g | Sept. 29 | Sept. 29 |

As the table shows, the parties are in agreement as to all but a few deadlines: the deadline for the FTC's PI memorandum and opening expert reports and the deadline for the close of fact discovery (all bolded and italicized).

Defendants seek to close discovery on August 9 instead of July 26, because Defendants anticipate needing two more weeks of discovery than is permitted under the FTC's proposal. To date, Defendants have had very little opportunity for discovery. In contrast, the FTC had the opportunity to take one-way discovery of Defendants and numerous third parties as part of its private investigation before filing its complaint. Defendants collectively produced more than 1.2 million documents to the FTC from 74 custodians. The FTC also received productions from 19

third parties and conducted no less than 12 "investigational hearings" (similar to depositions in a civil case). Defendants' request for two weeks of additional discovery given the FTC's huge head start is, we submit, both necessary and not unreasonable.

Similarly, Defendants propose that the FTC submit its PI memorandum and opening expert reports on July 7 instead of July 28, because the FTC's July date would not only give the agency more time than it previously stated it requires, but would leave Defendants with comparatively little time to respond to the FTC's novel allegations, after they receive the FTC's brief and expert reports. When Defendants advised the FTC that they were willing to agree to a TRO (to give the Court adequate time to review the FTC's motion), the FTC advised Defendants that it could submit its PI memorandum by June 14 (more than six weeks before the FTC's current proposed date). Thereafter, when the parties were planning for a potential hearing in August, the FTC agreed to submit its PI memorandum and any supporting expert materials by June 27 (more than four weeks before the FTC's current proposed date). But now that the hearing date is in September, the FTC proposes to give itself another four weeks to submit its opening papers, while leaving Defendants with less time respond to the FTC's brief and experts. The FTC should not be permitted that extra time, at Defendants' expense. The FTC's proposed schedule would allow it to push back important key disclosures regarding its novel theory here, while squeezing Defendants' response time. That proposal will prejudice Defendants and should be rejected.

**FTC's Proposal**

During the parties' meet-and-confer discussions, the FTC's only justification for its revised schedule was that it is traditional for discovery to close before a PI motion is briefed and expert reports are submitted. We are aware of no authority for that proposition but, even if true, it would be of little help to the FTC here. The FTC seeks extraordinary relief after a lengthy investigation during which only the FTC conducted discovery. Unlike Defendants, the FTC will have an opportunity to submit both a reply brief and reply expert reports after the close of fact discovery. The FTC will not be deprived of any opportunity to bring to the Court's attention information unearthed after the submission of its PI memorandum and opening expert reports. Moreover, the proposed CMO already expressly provides that it "does not preclude any party from subsequently relying on evidence, including in court filings, arguments, and expert reports, that was not produced at the time of initial expert reports or briefs."

As an alternative to the FTC's primary proposal, it suggested during the meet-and-confer process that the parties could first submit legal memoranda and then later serve expert reports. The idea, as we understand it, was to tell Defendants more about the FTC's case a little sooner, but without any supporting expert material. While we appreciated the gesture, the disclosure of the FTC's brief without supporting expert material would likely provide little more than the information included in the complaint. What's more, staggering briefs and expert reports would merely compound the challenges of preparing for the hearing. It would result in the parties submitting briefs to the Court before their experts reports were submitted, preventing them from citing the reports in the briefs so as to provide the Court with an integrated submission. Motion papers devoid of citations to expert materials would likely be unhelpful to the Court and require subsequent, incomplete and inefficient cross-referencing.

      For all of the foregoing reasons, Defendants respectfully request that the Court adopt Defendants' proposed schedule as to the disputed dates.

                                                            Respectfully submitted,

                                                             /s/ David R. Marriott

                                                             David R. Marriott

Honorable John F. Kness
    Everett McKinley Dirksen United States Courthouse
        219 South Dearborn Street
            Chicago, IL 60604

Copy to:

All counsel of record (via ECF)