**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF ILLINOIS, STATE OF MINNESOTA, STATE OF NEW YORK, STATE OF WASHINGTON and STATE OF WISCONSIN, <br><br> *Plaintiffs*, <br><br> v. <br><br> AMGEN INC. and HORIZON THERAPEUTICS PLC, <br><br> *Defendants*. | Case No. 1:23-cv-03053 <br><br> Judge John F. Kness |

**DEFENDANTS AMGEN INC. AND HORIZON THERAPEUTICS PLC'S JOINT REPLY IN SUPPORT OF THEIR JOINT MOTION TO MODIFY THE INTERIM CONFIDENTIALITY ORDER**

Defendants Amgen Inc. ("Amgen") and Horizon Therapeutics plc ("Horizon") (collectively "Defendants") respectfully submit this reply in support of their joint motion (the "Motion") (Dkt. 79) for a limited modification to the Interim Confidentiality Order (Dkt. 25).

## ARGUMENT

In their Motion, Defendants established good cause for the limited modifications of the Interim Confidentiality Order they seek by demonstrating (i) that the Amgen and Horizon In-House Counsels are not involved in competitive decision-making; (ii) that, due to their familiarity with Defendants' operations, their access to confidential evidence is important to Defendants' efforts to rebut the evidence asserted by Plaintiffs and prepare Defendants' defense; and (iii) that the additional safeguard of using a secure portal eliminated any risk of inadvertent disclosure. The FTC's opposition does nothing to refute that showing of good cause. (Opp. § I.) Moreover, the alternative two-tiered structure modification proposed by the FTC is not workable. (Opp. § II.) Finally, there is no merit to the claims made by proposed intervenor Regeneron Pharmaceuticals, Inc. ("Regeneron"). (Opp. § III.) The Motion should be granted.

I.  The Opposition Does Not Refute Defendants' Showing of Good Cause.

The FTC asserts that the Motion should be denied because, it claims, two of the five In-House Counsels – Jonathan Graham (General Counsel of Amgen) and Sean Clayton (General Counsel of Horizon) – are involved in competitive decision-making and/or are too close to those involved in competitive decision-making functions. (Opp. at 3-5.) The FTC is wrong.

First, the FTC is wrong in suggesting that Mr. Graham and Mr. Clayton are directly involved in competitive decision-making. Each has submitted a sworn declaration under oath declaring that he is "not involved in any activities that could be considered competitive decision-making" such as "pricing, negotiations, or competitor or pricing analysis." (Dkt. 79-4 ¶¶ 6-8; Dkt. 79-8 ¶¶ 6-8); *see also In re Schering-Plough Corp.*, No. 9297, 2001 WL 1478371, at \*2-3

(F.T.C. June 20, 2001); *F.T.C. v. Whole Foods Market, Inc.*, Civil Action No. 07-1021 (PLF), 2007 WL 2059741, at *2–3 (D.D.C. July 6, 2007). There is no basis to doubt these sworn statements by Mr. Graham and Mr. Clayton, each of whom is and has been a bar member in good standing for decades and been bound and abided by numerous protective orders. (Dkt. 79-4 ¶¶ 3, 9; Dkt. 79-8 ¶¶ 3, 9.) The FTC's reliance on out-of-context language in Mr. Graham's LinkedIn profile and a press release relating to Mr. Clayton's appointment as Horizon General Counsel is misplaced. (See Opp. at 3-4.) Both men provide *legal advice* to their respective company's boards and senior management – neither is involved in conduct that would be of concern. (Ex. A, Graham Supp. Decl. ¶¶ 4-5; Ex. B, Clayton Supp. Decl. ¶¶ 4-5.) Providing legal advice to decision-makers is not the same as being involved in competitive decision-making – if it were, in-house counsel would always be precluded from access to confidential evidence in government merger cases, which is not the law and would be contrary to fundamental fairness. *F.T.C. v. Sysco Corp.*, cited in the FTC's opposition, is not to the contrary; there, the general counsel not only attended weekly meetings at which "pricing, purchasing, and marketing" were discussed but also was "chiefly responsible" for evaluating the competitive landscape for potential acquisitions. 83 F. Supp. 3d 1, 4 (D.D.C. 2015). Neither Mr. Graham nor Mr. Clayton is responsible for pricing, purchasing or marketing, or for evaluating the competitive landscape for potential acquisitions. (Ex. A ¶¶ 4-5; Ex. B ¶¶ 4-5.)

Second, for similar reasons, there is no merit to the FTC's claim that Mr. Graham and Mr. Clayton should be disqualified from access to confidential evidence because they have "regular contact" with senior management. (Opp. at 3-4.) "[T]he standard is not regular contact with other corporate officials who make policy, or even competitive decisions, but advice and participation in competitive decision-making." *Kraft Foods Glob., Inc. v. Dairilean, Inc.*, No. 10

3

C 8006, 2011 WL 1557881, at *1 (N.D. Ill. Apr. 25, 2011) (citation omitted). Neither Mr. Graham nor Mr. Clayton participate in making competitive decisions – as noted, each provides legal advice to executive decision-makers, which is not disqualifying under the law. (*See* Ex. A ¶¶ 4-5; Ex. B ¶¶ 4-5.)

Even if the claims made by the FTC as to Mr. Graham and Mr. Clayton were valid (and they are not), there would still be no basis to deny the proposed modification with respect to Ms. Dunne, Mr. Diaz and Mr. Alexander. Each has clearly established a lack of involvement in competitive decision-making by any conceivable measure, which the FTC does not meaningfully contest. And the FTC offers no credible ground for cutting them off from confidential third-party evidence – which would result in entirely cutting off the "actual defendants" in this case from confidential third-party evidence asserted against them, contrary to principles of fundamental fairness. *See Sysco*, 83 F. Supp. 3d at 5 ("It would be unfair, in the court's view, for the government to attempt to prevent a private business transaction based, even in part, on evidence that is withheld from the actual Defendants (as distinct from their outside counsel).").

Defendants have shown good cause for the proposed modification, demonstrated prejudice absent relief and have incorporated robust, additional protections against inadvertent disclosure by use of a remote platform. Accordingly, the Motion should be granted as to each of the In-House Counsels. But even if the Court were to deny the Motion as to Mr. Graham and Mr. Clayton, it should grant the Motion as to Ms. Dunne, Mr. Diaz and Mr. Alexander.

II.  <u>The FTC's Proposed Alternative Two-Tiered Structure Modification is Unworkable.</u>

The FTC proposes two tiers of confidentiality (highly confidential and confidential) and would allow Amgen and Horizon In-House Counsels to access only those third-party materials designated as confidential, not highly confidential. (Opp. at 6.) Yet nothing in the FTC's proposed alternative would prevent third parties from designating all documents highly

4

confidential, effectively cutting off Defendants' access to the confidential evidence asserted against them to the same extent as the Interim Confidentiality Order does without any modification. The FTC's proposed alternative is an illusory solution and offers no basis to deny the modifications sought by Defendants. For the reasons explained, Defendants' proposed modification eliminates any risk of inadvertent disclosure while enabling Defendants to participate and aid outside counsel in preparing their defenses in this case. There is no valid reason to replace Defendants' proposal with unworkable alternatives.

III.     The Arguments Asserted by Proposed Intervenor Regeneron Are Baseless.

Regeneron has moved unopposed to intervene in order to oppose Defendants' Motion. (Dkt. 94.) Regeneron is the plaintiff in a separate case that has nothing to do with the allegations and issues here. Nonetheless, the FTC has made clear it will rely on Regeneron's unproven allegations in its own case. As a result, it would be unfair – and as shown, there is no basis – to exclude from the Amgen and Horizon In-House Counsels any confidential Regeneron materials that the FTC seeks to rely on in this proceeding. Further, that Regeneron and Amgen negotiated a different protective order in a wholly unrelated case involving different evidence and issues has no bearing on whether Defendants should have access to the confidential third-party (including Regeneron) evidence asserted against them by the FTC in this case.

## CONCLUSION

For the foregoing reasons and those discussed in Defendants' Motion, Amgen and Horizon respectfully request the Court grant their Motion.

Dated: July 14, 2023

New York, New York

Respectfully submitted,

| | |
|---|---|
| /s/ David R. Marriott | /s/ Ethan Glass |
| | |
| David R. Marriott | Ethan Glass |
| dmarriott@cravath.com | eglass@cooley.com |
| Timothy G. Cameron (*admitted pro hac vice*) | Jacqueline Grise |
| tcameron@cravath.com | jgrise@cooley.com |
| Daniel K. Zach (*admitted pro hac vice*) | David Burns |
| dzach@cravath.com | dburns@cooley.com |
| Jesse M. Weiss (*admitted pro hac vice*) | COOLEY LLP |
| jweiss@cravath.com | 1299 Pennsylvania Avenue, NW, Suite 700 |
| CRAVATH, SWAINE & MOORE LLP | Washington, DC 20004 |
| 825 Eighth Avenue | Telephone: (202) 842-7800 |
| New York, New York 10019 | Facsimile: (202) 842-7899 |
| Telephone: (212) 474-1000 | |
| Facsimile: (212) 474-3700 | *Attorneys for Defendant Horizon Therapeutics plc* |

Renata B. Hesse (*admitted pro hac vice*)
hesser@sullcrom.com
Samantha F. Hynes (*admitted pro hac vice*)
hyness@sullcrom.com
SULLIVAN & CROMWELL LLP
1700 New York Avenue, NW
Washington, DC 20006
Telephone: (202) 956-7575

*Attorneys for Defendant Amgen Inc.*