# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF ILLINOIS, STATE OF MINNESOTA, STATE OF NEW YORK, STATE OF WASHINGTON and STATE OF WISCONSIN, <br><br>    *Plaintiffs*, <br><br>v. <br><br>AMGEN INC. and HORIZON THERAPEUTICS PLC, <br><br>    *Defendants*. | Case No. 1:23-cv-03053 <br><br> Judge John F. Kness |

# STIPULATED ORDER GOVERNING
# REMOTE DEPOSITION PRACTICES AND PROTOCOLS

WHEREAS the Parties have agreed to stipulate, pursuant to Rules 29 and 30(b)(4) of the Federal Rules of Civil Procedure, subject to Court approval, to the following terms governing the taking in this case (the "Litigation") of Remote Depositions (as that term is defined below):

## I. GENERAL GUIDELINES AND SCOPE

1. This Stipulated Order Governing Remote Deposition Practices and Protocols (the "Remote Deposition Protocol" or "Protocol") will govern, subject to Court approval, the taking of Remote Depositions in the above-captioned matter as a supplement to the Federal Rules of Civil Procedure; the United States District Court for the Northern District of Illinois Local Rules; the May 31, 2023 Case Management Order; and the May 19, 2023 Interim Confidentiality Order.

2. This Protocol does not modify the governing rules for the taking of depositions imposed by the Federal Rules of Civil Procedure or the Federal Rules of Evidence except to the extent those rules are specifically modified herein.

## II. DEFINITIONS

3. "Attending Counsel" means any legal counsel who is not Deposing Counsel or Defending Counsel, but who is attending a Remote Deposition either in person or remotely.

4. "Defending Counsel" means legal counsel defending a deposition in this Litigation. In the event a Third-Party Witness does not have counsel, "Defending Counsel" shall include the Witness himself or herself.

5. "Deposing Counsel" means the legal counsel of the Party or Parties questioning the Witness at a Remote Deposition in this Litigation.

6. "Deposing Party" means the Party or Parties questioning the Witness at a Remote Deposition in this Litigation.

7. "Noticing Party" means the Party or Parties that noticed the Remote Deposition of a Witness pursuant to Federal Rule of Civil Procedure 30 or Federal Rule of Civil Procedure 45.

8. "Third Party" or "Third-Party Witness" means all natural or legal persons that are neither Parties nor persons retained by nor consulting for any of the Parties or the

Parties' counsel and from whom a Party is seeking testimony at a deposition in this Litigation.

9. "Platform" means the video-conferencing computer application that the Parties have agreed to utilize to enable a Remote Deposition in accord with this Protocol.

10. "Primary Counsel" means Defending Counsel and Deposing Counsel.

11. "Remote Deposition" means a deposition conducted pursuant to Federal Rules of Civil Procedure 30 or 45 using a Platform as agreed to under this Protocol that allows for the Witness, Attending Counsel, Deposing Counsel, Defending Counsel and the court reporter and/or videographer to participate in a deposition without attending the deposition in person, or any other means to which the Deposing Counsel, Defending Counsel and Attending Counsel agree.

12. "Witness" means the person, including Third Parties, whose Remote Deposition has been noticed in this Litigation, or any person designated to appear to give testimony on behalf of a Party or Third Party pursuant to Federal Rule of Civil Procedure 30(b)(6).

**III.    AGREEMENT REGARDING REMOTE DEPOSITIONS**

13. A copy of this Protocol shall be provided to each Witness or their counsel. The requirements of Federal Rule of Civil Procedure 45(c)(1)(A) shall be waived for Remote Depositions of Third Parties conducted pursuant to Federal Rule of Civil Procedure 45.

14. This Protocol governs all Remote Depositions in this Litigation. All fact depositions in this Litigation shall be Remote Depositions unless otherwise agreed to by the parties, in addition to the Witness and the Vendor, or ordered by the Court.

15. The Parties agree that, as used in Rule 28(a)(1)(A) of the Federal Rules of Civil Procedure, the "place of examination" is the physical location of the Witness.

16. A Remote Deposition will be deemed to have been conducted "before an officer" as required by Federal Rule of Civil Procedure 30(b)(5)(A) so long as that officer attends the deposition via the same Platform used to connect all other remote participants, and so long as Primary Counsel, the Witness, the court reporter and the officer can clearly hear and be heard by all other participants. An officer who is authorized to provide the oath in any state will be deemed authorized to provide the oath to the Witness.

17. The Parties expressly waive all objections to the admissibility of any testimony given during a Remote Deposition based solely on the fact that it was given at a Remote Deposition.

18. Notwithstanding any other rule to the contrary, the Parties stipulate that the Witness's oath or affirmation may be administered remotely.

19. Unless otherwise agreed to by the Parties and the Witness, for any witness located in a time zone within the Continental United States at the time of the deposition, the deposition shall commence during normal business hours in the morning (e.g., 9 a.m.) in the time zone in which the witness is located.

**IV. TECHNOLOGY TO BE USED FOR REMOTE DEPOSITIONS**

20. Any Platform must allow for the court reporter to accurately transcribe, and for all participating attorneys and the court reporter to hear and see, the Witness and all Primary Counsel. A Platform that is not compatible with a Party's security or technology requirements may not be used for Remote Depositions. If a Platform or Vendor is not compatible with a Party's security or technology requirements, that Party must notify the other Party at least five days prior to the first noticed Remote Deposition.

21. The Parties agree to use either TSG or Veritext (the "Vendor") for all Remote Depositions. Where Plaintiffs are the Noticing Party, the vendor will be TSG. Where Defendants are the Noticing Party, the Vendor will be Veritext.

22. The Noticing Party shall be responsible for arranging the taking of a Remote Deposition and ensuring that email invitations to attend the Remote Deposition are sent to the Witness, the court reporter and any Attending or Defending Counsel, who, no later than two days before the Remote Deposition, shall inform the Noticing Party of their intent to attend the Remote Deposition and provide their email addresses to the Noticing Party. In the event that both sides have noticed the Remote Deposition, the Party who first noticed the Remote Deposition shall be responsible for coordinating the aforementioned logistics.

23. The Parties shall ensure that the Witness has access to technology that meets the minimum standards required by the Platform to ensure the transmission of audio and video feeds via the Platform.

24. Unless otherwise agreed, any costs associated with providing the Platform for the taking of a Remote Deposition shall be the responsibility of the Noticing Party that first noticed the Remote Deposition at issue.

25. Remote Depositions subject to this Protocol shall be recorded by stenographic means. Any Party may also request a video recording of the Remote Deposition at the requesting Party's expense, and each Party will bear its own costs for copies of transcripts and copies of video recordings of any deposition. No one other than the court reporter—or the court reporter's designee—may use video, audio or still images to record any part of a Remote Deposition.

26. On the record at the start of the Remote Deposition, the Parties shall identify no more than one counsel each to serve as Primary Counsel. Similarly, if the Witness is a Third-Party Witness, then the Witness shall, on the record, at the start of the Remote Deposition, also identify no more than one counsel to serve as Primary Counsel during the Remote Deposition.

27. Unless the Parties agree otherwise, the video feed visible to the Witness shall be limited to the images of Primary Counsel, the image of the court reporter, any exhibits being displayed to the Witness and the image of the Witness.

28. Each Party shall give the other Party notice if it reasonably expects a Remote Deposition could include Confidential Material or Competitively Sensitive Information (as those terms are defined in the May 19, 2023 Interim Confidentiality Order entered in this Litigation). As appropriate during a Remote Deposition, any counsel or the Witness shall make note on the record of their reasonable belief that Confidential Material or Competitively Sensitive Information is about to be discussed, and any Attending Counsel who are not permitted access to such Confidential Material or Competitively Sensitive Information shall sign off from the Remote Deposition feed, or shall be moved to a breakout room or otherwise blocked from access, and shall not be permitted to view or download such Confidential Material or Competitively Sensitive Information. When discussion of Confidential Material or Competitively Sensitive Information has been completed, Attending Counsel may re-join the Remote Deposition. Primary Counsel for the Party whom such Attending Counsel represents shall be responsible for notifying Attending Counsel that they may re-join the Remote Deposition feed. The time used to allow Attending Counsel to sign

off or rejoin the Remote Deposition feed shall not count against the seven hours allowed for a deposition under the Federal Rules of Civil Procedure.

29. The Parties may agree to utilize a "chat" feature on the Platform to communicate to the Witness or the court reporter only if it is available and displayed to all Primary Counsel, Attending Counsel and the court reporter throughout the Remote Deposition, and only if it is used solely for the purpose of allowing them to alert one another about any technical issues that arise during the Remote Deposition. All other "chat," instant message, e-mail and/or texting features that may be visible to or used to communicate with the Witness are prohibited and shall be closed or disabled during the Remote Deposition in a manner that prevents the Witness from receiving messages, alerts and notifications through such features. Breakout room features may be enabled only for breaks and recesses off the record or as necessary for portions of the Remote Deposition that involve the discussion of Confidential Material or Competitively Sensitive Information.

30. Each Party as well as counsel for the Witness shall be responsible for ensuring that they have a means of communicating with co-counsel or the Witness, as appropriate, during breaks in the Remote Deposition. The Parties agree not to oppose reasonable accommodations to allow such conferences during breaks, as well as communications among co-counsel during the Remote Deposition.

## V. TECHNICAL DIFFICULTY

31. The court reporter will provide a telephone number for the attendees to use in the event that Primary Counsel or the Witness becomes disconnected or is otherwise experiencing technical difficulties. The Parties or Defending Counsel may elect to have a technical specialist attend a Remote Deposition to ensure that technical issues are resolved in a timely manner.

32. If technical difficulties result in the inability of any Primary Counsel or the Witness to receive either the audio or video feed of a Remote Deposition, the Remote Deposition shall be paused. The remaining Primary Counsel shall note the disconnection on the record as soon as they become aware of it. The suspended time will not count against the seven hours allowed for a deposition under the Federal Rules of Civil Procedure. The Remote Deposition must immediately be suspended until the disconnected Primary Counsel or Witness has re-joined the Remote Deposition and has full access to both audio and video.

Any portion of the Remote Deposition that has been transcribed while a Primary Counsel was disconnected or experiencing technical difficulties must be re-read upon the resolution of the technical difficulty, and the disconnected Primary Counsel must be given an opportunity to object to any questions or answers that occurred in his or her absence. If the technical difficulties cannot be resolved, then the Remote Deposition shall be suspended until the concerns are resolved by the Parties or, if necessary, by order of the Court.

33. If at any time the court reporter indicates that he or she is unable to transcribe the Remote Deposition due to technical difficulties, the Remote Deposition shall be paused, and the Parties will attempt to resolve those issues. The suspended time will not count against the seven hours allowed for a deposition under the Federal Rules of Civil Procedure. If the technical difficulties cannot be resolved to the satisfaction of the court reporter, the Remote Deposition shall be suspended.

34. If technical difficulties arise during the taking of a Remote Deposition, Counsel for the Parties must meet and confer immediately, by telephone or other means, to determine whether the Remote Deposition can proceed or should be continued to a future date. If technical difficulties arise that make the completion of a Remote Deposition impracticable, counsel and the Witness shall resume the Remote Deposition at the earliest mutually convenient opportunity.

## VI. EXHIBITS

35. Pursuant to Rule 30(f)(2) of the Federal Rules of Civil Procedure, Deposing Counsel shall be responsible for ensuring that any exhibits that they wish to mark and use at a Remote Deposition can be shown to the Witness in a manner that enables the Witness, the court reporter and Primary Counsel to review the exhibits in their entirety during the course of the deposition, and to control their ability to review the exhibits. The Parties agree that the preferred method of marking and using exhibits for a Remote Deposition is through the Platform enabled for Remote Depositions, which shall enable Deposing Counsel to share exhibits with the Witness, court reporter and all Attending Counsel.

36. If the Platform does not permit the court reporter to mark exhibits remotely, Deposing Counsel shall be responsible for marking exhibits and ensuring that such marks are communicated to the court reporter and other Primary Counsel during or within 24

hours after the Remote Deposition. The court reporter will maintain the final, marked set of exhibits.

37. The Parties intend to use a Platform that will allow the Witness and all Primary Counsel to have a complete copy and personal control of each exhibit when it is introduced. To the extent that such functionality is not available with any exhibit during a Remote Deposition, the Deposing Counsel who used that exhibit with the Witness shall provide a copy of it in the form used with the Witness to the court reporter and all Primary Counsel (except, in the event that the exhibit contains Confidential Material, the exhibit shall not be provided to any person who cannot view Confidential Material pursuant to the May 19, 2023 Interim Confidentiality Order entered in this Litigation) within 24 hours of the Remote Deposition's conclusion. Further, the Parties agree that any objections that could have been made during the Remote Deposition had all Primary Counsel had a complete copy and personal control of an exhibit are preserved and may be asserted by serving notice of such objections within 24 hours of receiving the complete exhibit as set forth above.

**VII.   MISCELLANEOUS PROVISIONS**

38. Upon a request by any Party, the Witness or Defending Counsel, the Noticing Party whose Platform is to be used to conduct the Remote Deposition shall make test run(s) of the Platform available. A Party or Third Party that fails to make use of the option for a test, or fails to participate in a test, whether or not requested by that Party, waives any objections to the use of the Platform.

39. No person shall be physically located in the same room as the Witness during the taking of a Remote Deposition except, at the option of the Witness and Defending Counsel: (a) a non-attorney who is present solely for the purpose of providing technical assistance to the Witness in using the Platform; (b) Defending Counsel, and any other counsel (e.g., associates) from the same law firm as Defending Counsel, who represent a Witness; (c) in-house counsel for the company at which the Witness is employed; and (d) any other counsel as the Parties may agree to no later than two business days before the Remote Deposition. Any such individual must be logged onto the Platform with a separate video connection or be otherwise visible to a camera at all times during the course of the Remote Deposition (e.g., one video feed showing all individuals in the same room as the Witness).

40. At the beginning of the Remote Deposition, every person logged onto the Platform or otherwise viewing or listening to the Remote Deposition, including any person receiving a live feed or live transcript of the Remote Deposition, must be identified for the record. Any person joining or leaving the Remote Deposition after its beginning must be identified at the time of his or her arrival or departure.

41. During a Remote Deposition, the Witness may not communicate with any person, except through the Platform, by any means, including, but not limited to, communication through gestures, handwritten communications, e-mail, chat, instant messaging or text messaging. This restriction does not apply to conversations between the Witness and Defending Counsel during breaks or other recesses not on the record, which may occur in breakout rooms provided by the Platform or by other means, as permitted under applicable rules and procedures.

42. The Witness may not, without the express consent of counsel for all Parties, review, read, have before them or otherwise access any document, including handwritten notes, email, text messages, web pages, social media, video, audio or any other material, except (i) Expert Witnesses may have copies of their expert submissions; (ii) Corporate Designees may have copies of materials used to prepare them on the noticed topics, provided that copies of any such materials that the Corporate Designee may refer to are provided to counsel for all Parties no later than 6 p.m. EST on the day that is two days before the Remote Deposition, and such materials may be made an exhibit during the Remote Deposition; and (iii) documents presented to the Witness as exhibits during the Remote Deposition. During the Remote Deposition, the Witness shall not consult any outside sources of information, including cell phones, smart phones, computers, the Internet, text or instant messaging services, emails, chats, blogs or websites such as Twitter, Facebook or LinkedIn, to obtain information in connection with his or her testimony.

43. Based on their experience under this Protocol and the needs of Witnesses, (a) the Parties, or the Parties and any Third-Party Witness, may stipulate to modifications of this Protocol applicable to an individual Remote Deposition; or (b) the Parties may stipulate and submit to the Court for its approval modifications to this Protocol applicable to all Remote Depositions.

44. The Noticing Party shall provide a copy of this Protocol with any subpoena for a Remote Deposition that has not yet been issued at the time this Protocol is entered, and shall, upon entry of this Protocol, transmit a copy to any Third-Party Witness to whom a subpoena for a Remote Deposition was issued prior to the entry of this Protocol. If a Third-Party Witness objects to this Protocol after it has been transmitted to such Third-Party Witness, the Noticing Party shall promptly inform the other Parties. If any objection of a Third-Party Witness cannot be resolved, the Third-Party Witness seeking for the deposition to be held in person may, within two business days of receiving the Protocol, request a joint phone call with the Court's Chambers to seek an order that the deposition be taken in person or remotely. In no event shall an objection to this Protocol by a Third-Party Witness prevent the Noticing Party from taking a deposition in this Litigation that has been timely subpoenaed pursuant to the Case Management Order entered in this Litigation.

45. All persons attending depositions taken by remote means are reminded that the typical rules of professionalism and etiquette during depositions still apply. All persons attending depositions taken pursuant to this order who do not have an immediate need to speak shall ensure that their telephone or video conference lines are muted. In addition, all persons attending depositions taken pursuant to this order shall ensure that they can do so in a space that is relatively free from distractions that would interfere with the deposition.

46. If a Party or counsel for a Third-Party Witness learns that a Witness violated this Protocol during the course of the deposition by either (a) communicating with any counsel or other person in violation of this Protocol; or (b) consulting non-exhibit sources during the Remote Deposition in violation of this Protocol, any counsel aware of the violation agrees to notify all Primary Counsel and to re-open the deposition. The Parties, as well as counsel for the Witness, shall produce to the Parties any communications with the Witness in violation of this Protocol or sources the Witness consulted in violation of this Protocol. For the avoidance of doubt, communications otherwise abiding by the Federal Rules of Civil Procedure and any applicable ethical rules between the Witness and counsel during breaks do not violate this Protocol.

## VIII. RESERVATION OF RIGHTS

47. By entering into this stipulation and agreement, the Parties do not intend to limit their rights to seek relief from the Court if, at any time, any one or all of them determine that Remote Depositions are or have become impractical or prejudicial.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: July 24, 2023                                     Respectfully submitted,

/s/ Nathan Brenner                                       /s/ David R. Marriott
Nathan Brenner (IL Bar 6317564)                          David R. Marriott
                                                         dmarriott@cravath.com
Federal Trade Commission                                 CRAVATH, SWAINE & MOORE LLP
Bureau of Competition                                    825 Eighth Avenue
600 Pennsylvania Avenue, NW                              New York, New York 10019
Washington, DC 20580                                     Telephone: (212) 474-1000
Tel.: 202-326-2314                                       Facsimile: (212) 474-3700
Email: nbrenner@ftc.gov

*Counsel for Plaintiff*                                  *Attorneys for Defendant Amgen Inc.*
*Federal Trade Commission*
                                                         /s/ Ethan Glass
Rachel F. Sifuentes                                      Ethan Glass
Midwest Regional Office                                  eglass@cooley.com
Federal Trade Commission                                 COOLEY LLP
230 S. Dearborn St., Room 3030                           1299 Pennsylvania Avenue, NW, Suite 700
Chicago, IL 60604                                        Washington, DC 20004
                                                         Telephone: (202) 842-7800
                                                         Facsimile: (202) 842-7899
*Local Counsel for Plaintiff*
*Federal Trade Commission*                               *Attorneys for Defendant Horizon Therapeutics plc*

10

/s/ Malinda Lee
Malinda Lee
Sophia TonNu
State of California
300 S. Spring Street, Suite 1702
Los Angeles, CA 90013
Tel: 213-269-6223
Email: Malinda.Lee@doj.ca.gov

*Attorneys for Plaintiff State of California*

/s/ Elizabeth L. Maxeiner
Elizabeth L. Maxeiner (IL Bar 6290159)
Richard S. Schultz
Paul J. Harper
Office of the Illinois Attorney General
100 W. Randolph Street
Chicago, IL 60601
Tel: 312-814-3000
Email: Elizabeth.Maxeiner@ilag.gov

*Attorneys for Plaintiff State of Illinois*

/s/ Justin Moor
Justin Moor
Zach Biesanz
State of Minnesota
445 Minnesota Street, Suite 1400
St. Paul, MN 55101
Tel: 651-724-9627
Email: justin.moor@ago.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

/s/ Elinor Hoffmann
Elinor R. Hoffmann
Christopher D'Angelo
State of New York
28 Liberty Street, 20th Floor
New York, NY 10005
Tel: 212-416-8262
Email: Elinor.Hoffmann@ag.ny.gov

*Attorneys for Plaintiff State of New York*

/s/ Luminita Nodit
Luminita Nodit

State of Washington
800 Fifth Ave., Suite 2000
Seattle, WA 98104
Tel: 206-254-0568
Email: Lumi.Nodit@atg.wa.gov

*Attorney for Plaintiff State of Washington*

/s/ Gwendolyn J. Cooley
Gwendolyn J. Cooley
State of Wisconsin
Post Office Box 7857
Madison, WI 53707
Tel: 608-261-5810
Email: cooleygj@doj.state.wi.us

*Attorney for Plaintiff State of Wisconsin*

Richard S. Schultz
Office of the Illinois Attorney General
100 W. Randolph Street
Chicago, IL 60601
Tel: 872-272-0996
Email: Richard.Schultz@ilag.gov

*Local Counsel for Plaintiff States of California, Minnesota, New York, Washington and Wisconsin*

**SO ORDERED**, this 28th day of July, 2023

JOHN F. KNESS

United States District Judge