**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF ILLINOIS, STATE OF MINNESOTA, STATE OF NEW YORK, STATE OF WASHINGTON and STATE OF WISCONSIN, | Case No. 1:23-cv-03053 |
| *Plaintiffs*, | Judge John F. Kness |
| v. | |
| AMGEN INC. and HORIZON THERAPEUTICS PLC, | |
| *Defendants*. | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION**
**TO PLAINTIFF FEDERAL TRADE COMMISSION'S MOTION**
**TO STRIKE CERTAIN OF DEFENDANTS' AFFIRMATIVE DEFENSES**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................1

ARGUMENT ....................................................................................................................2

**I.**    DEFENDANTS' CONSTITUTIONAL DEFENSES ARE PROPERLY
PLEADED. ........................................................................................................3

**II.**   DEFENDANTS' CONSTITUTIONAL DEFENSES ARE PLAINLY
RELEVANT UNDER SECTION 13(b). ................................................................5

**III.**  THE FTC'S CUMULATIVENESS ARGUMENT IS BASELESS. ........................8

CONCLUSION ................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*United States v. 416.81 Acres of Land*,
  514 F.2d 627 (7th Cir. 1975) ........................................................3

*FTC v. Advoc. Health Care*,
  2017 WL 1022015 (N.D. Ill. Mar. 16, 2017)..........................................6, 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...............................................................3

*Behn v. Kiewit Infrastructure Co.*,
  2018 WL 5776293 (N.D. Ill. Nov. 2, 2018) .........................................4

*Bell Atlantic v. Twombly*,
  550 U.S. 544 (2007)...............................................................3

*Cordero v. Torres*,
  2019 WL 3287840 (N.D. Ill. July 22, 2019)........................................3

*Dace v. Chi. Pub. Sc.*,
  2020 WL 1861671 (N.D. Ill. Mar. 18, 2020)..........................................2

*Dorsey v. Ghosh*,
  2015 WL 3524911 (N.D. Ill. June 3, 2015) .........................................4

*FTC v. Elders Grain, Inc.*,
  868 F.2d 901 (7th Cir. 1989) .....................................................6

*G & V Lounge, Inc. v. Mich. Liquor Control Comm'n*,
  23 F.3d 1071 (6th Cir. 1994) .....................................................8

*Gordon v. Holder*,
  721 F.3d 638 (D.C. Cir. 2013) ....................................................8

*Illumina, Inc. and Grail, Inc. v. FTC*,
  No. 23-60617 (5th Cir.) ..........................................................5

*Joelner v. Vill. of Washington Park*,
  378 F.3d 613 (7th Cir. 2004) ....................................................7, 8

*FTC v. Meta Platforms, Inc.*,
  2022 WL 16637996 (N.D. Cal. Nov. 2, 2022) .......................................7

*FTC v. OSF Healthcare Sys.*,
   852 F. Supp. 2d 1069 (N.D. Ill. 2012) ................................................................7

*Planned Parenthood of Ind. & Ky., Inc. v. Comm'r*,
   194 F. Supp. 3d 818 (S.D. Ind. 2016) ..............................................................7

*RGB Plastic, LLC v. Webstaurant Store*,
   2020 WL 7027601 (N.D. Ill. Nov. 30, 2020) ...................................................3

*Silberman v. Stewart*,
   2021 WL 1057719 (N.D. Ill. Mar. 18, 2021).................................................3, 9

*Square One Ent. Inc. v. P'ships & Unincorporated Ass'ns*,
   2021 WL 1253450 (N.D. Ill. Apr. 5, 2021) ......................................................3

*Sterling Design & Constr., LLC v. Sage Design and Constr., LLC*,
   2022 WL 797050 (N.D. Ill. Mar. 16, 2022) (Kness, J.)..................................2, 4

**Statutes**

FTC Act section 13(b), 15 U.S.C. § 53(b) .................................................. *passim*

Defendants Amgen Inc. ("Amgen") and Horizon Therapeutics plc ("Horizon" and, together with Amgen, "Defendants") respectfully submit this memorandum of law in opposition to the motion to strike certain of Defendants' affirmative defenses filed by Plaintiff Federal Trade Commission (the "FTC") (Dkt. 113).

## INTRODUCTION

Though styled as a motion to strike affirmative defenses, the FTC's motion has broader aims. This suit seeks injunctive relief in aid of the FTC's administrative challenge to Amgen's acquisition of Horizon. Through its motion to strike, a disfavored procedural vehicle, the FTC asks the Court to foreclose any consideration, at the preliminary injunction phase, of whether the FTC's administrative process violates the U.S. Constitution.

Contrary to the FTC's argument, the question is not whether Defendants' constitutional defenses are well pleaded, or whether the FTC has fair notice of the nature of those defenses. They are sufficiently alleged under any applicable standard, and the FTC has ample notice of their nature, through this action and other proceedings where the same issues currently are being litigated.

Rather, the question is whether the constitutional defenses are relevant to the issues in this action, including the FTC's burden under section 13(b) to demonstrate a likelihood of success on the "ultimate" merits and to establish that the equities weigh in favor of injunctive relief. To be clear, the Court does not *need* to reach the Defendants' constitutional defenses to rule on the FTC's request for a preliminary injunction. The Court can and should deny the preliminary injunction because the FTC's speculative future bundling theory lacks any basis in modern legal standards or real world facts—including, among many others, the fact that Amgen has repeatedly committed not to engage in the

exact hypothesized bundling conduct described in the Amended Complaint. (Dkt. 66.) But because the unconstitutionality of the FTC's administrative process provides additional and alternative bases for denying the preliminary injunction, these defenses are plainly relevant and the motion to strike should be denied.

## ARGUMENT

Even when "technically appropriate and well-founded," a motion "seeking to strike affirmative defenses is rarely consistent with the goal of Rule 1, which is to 'secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Sterling Design & Constr., LLC v. Sage Design and Constr., LLC*, 2022 WL 797050, at *6 (N.D. Ill. Mar. 16, 2022) (Kness, J.) (quoting *Dace v. Chi. Pub. Sc.*, 2020 WL 1861671, at *2 (N.D. Ill. Mar. 18, 2020)); Fed. R. Civ. P. 1 (the Federal Rules "should be construed, administered and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

Accordingly, such motions are "disfavored," and the applicable standard is "high": "affirmative defenses will be stricken only when they are insufficient on the face of the pleadings." *Sterling Design*, 2022 WL 797050, at *6 (internal quotations and citation omitted). Of particular relevance here, motions to strike "risk[] wasting scarce judicial resources by requiring judges to engage in busywork and judicial editing without addressing the merits of a party's claim." *Id.* (internal quotations and citations omitted). "As the Seventh Circuit has explained," moreover, "motions to strike should rarely be granted because courts must ensure that the defendant has an 'opportunity to prove [its] allegations if there is a possibility that the defense . . . may succeed after a full hearing on the merits.'" *Silberman v. Stewart*, 2021 WL 1057719, at *2 (N.D. Ill. Mar. 18, 2021) (citing *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975)).

The FTC's motion loses sight of these fundamental principles.

## I. DEFENDANTS' CONSTITUTIONAL DEFENSES ARE PROPERLY PLEADED.

The FTC argues that Defendants' constitutional defenses do not pass muster under *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This argument is meritless.

The Seventh Circuit has not decided whether the *Twombly/Iqbal* standard applies to affirmative defenses, and district courts within this Circuit are divided on the issue. *See Silberman*, 2021 WL 1057719, at *1.[1] Defendants respectfully submit that the better reasoned view is that the standard should not apply to affirmative defenses. *See RGB Plastic*, 2020 WL 7027601, at *4 ("[A] close comparison of Civil Rule 8's textual treatment of claims versus affirmative defenses dictates that affirmative defenses are subject to a *lower* pleading standard than claims.") (emphasis in original); *Square One Ent. Inc. v. P'ships & Unincorporated Ass'ns*, 2021 WL 1253450, at *3 (N.D. Ill. Apr. 5, 2021) (citing same); *Cordero v. Torres*, 2019 WL 3287840, at *6 (N.D. Ill. July 22, 2019) (adopting similar analysis of Rule 8).[2]

Whatever the precise standard, however, and contrary to the thrust of the FTC's motion, affirmative defenses "must simply 'provide sufficient notice of the defense

---

[1] As Judge Chang has noted, although some decisions characterize application of *Twombly/Iqbal* as the "majority" approach, the reality is, if anything, "the opposite, with more Circuits refraining from applying *Twombly/Iqbal* to affirmative defenses." *RGB Plastic, LLC v. Webstaurant Store*, 2020 WL 7027601, at *4 (N.D. Ill. Nov. 30, 2020).

[2] Furthermore, in a bench trial, the Court can decide the appropriate weight to afford any affirmative defense—there is no reason to strike the defense at this juncture, especially since fact discovery has closed, and the FTC largely refused to respond to Defendants' discovery requests on constitutional issues, such that there is no discovery burden to be avoided by striking the defenses now.

asserted.'" *Id.* Even when applying *Twombly/Iqbal*, judges in this District recognize that "[a]s a practical matter . . . affirmative defenses rarely will be as detailed as a complaint (or a counterclaim)." *Dorsey v. Ghosh*, 2015 WL 3524911, at *4 (N.D. Ill. June 3, 2015); *Behn v. Kiewit Infrastructure Co.*, 2018 WL 5776293, at *1 (N.D. Ill. Nov. 2, 2018) (quoting same); *Sterling Design*, 2022 WL 797050 at *6 (quoting same). To be sure, "boilerplate defenses" asserted "as mere placeholders without any apparent factual basis" are inadequate. *Sterling Design*, 2022 WL 797050, at *6 (quoting *Behn*, 2018 WL 5776293, at *1)). Even then, however, leave to replead is "freely given"—an outcome at odds with the FTC's requested relief. *See id.*

In *Dorsey*, for example, the plaintiff moved to strike an affirmative defense of failure to exhaust administrative remedies. 2015 WL 3524911, at *5. The defense "contain[ed] no factual allegations." *Id.* Nevertheless, "[t]he process for exhausting administrative remedies [was] definite and known to the parties," as the plaintiff "himself pleaded facts in his amended complaint regarding his efforts to seek relief through administrative channels." *Id.* Because the affirmative defense was "sufficient to put [the plaintiff] on notice of the nature of the defense that is being raised," the court declined to strike it, notwithstanding the total absence of supporting factual detail. *Id.*

Here, any suggestion that the FTC is not on notice of the nature of Defendants' constitutional defenses—including Defense 13.c (*see* Dkt. 113 at 9)—is beyond disingenuous. The defenses apply familiar principles of constitutional law to *the FTC's own administrative process*. Indeed, the FTC brought this proceeding precisely to afford itself the "opportunity to issue an administrative complaint, and if such complaint is issued, adjudicate the merger's legality in an administrative proceeding." (Dkt. 66 at 2.) Further,

the FTC is currently litigating these constitutional issues in other courts, including the Fifth Circuit, where it has the benefit of not only the petitioners' brief but also the briefs of numerous *amici* (including an *amicus* brief filed on behalf of twelve states) addressing materially identical issues. (*See Illumina, Inc. and Grail, Inc. v. FTC*, No. 23-60617 (5th Cir.), Dkts. 96-1, 110, 115, 119, 128, 139.)

If that were not enough, the FTC itself stresses that these same defenses are asserted (in sufficient detail) in Defendants' counterclaims. (Dkt. 113 at 14 (arguing that "[a]ll of Defendants' constitutional affirmative defenses" other than subpart (c) "mirror Defendants' counterclaims making the exact same constitutional allegations," and "[e]ven subpart (c) implicates the same public rights doctrine at issue in Defendants' Seventh Amendment Counterclaim") (citing Answer at 50-51, 55).) The FTC is not in the dark as to the nature of the constitutional defenses. Rather, the FTC would prefer to pursue a preliminary injunction while stripping the Court of any ability to consider those defenses. As discussed below, to do so would violate governing Seventh Circuit precedent. But in any event, the FTC's desire to foreclose reference to the Constitution is not a basis to strike under Rule 12(f).

The FTC's motion to strike should be denied.

## II. DEFENDANTS' CONSTITUTIONAL DEFENSES ARE PLAINLY RELEVANT UNDER SECTION 13(b).

The FTC next argues that the constitutional defenses are "not relevant to the analysis this Court must undertake under section 13(b) of the FTC Act." (Dkt. 113 at 11.) This argument is contrary to the plain language of section 13(b) and controlling Seventh Circuit case law.

5

The FTC brings this action in aid of an administrative proceeding. Section 13(b), the very statute that authorizes this suit, specifies that the FTC is entitled to a preliminary injunction only if it demonstrates (among other things) a "likelihood of *ultimate* success," 15 U.S.C. § 53(b) (emphasis added)—*i.e.*, a likelihood of success upon review in the court of appeals of the FTC's administrative proceeding. As a matter of logic and sound statutory construction, whether the underlying administrative process comports with the Constitution is necessarily relevant to the FTC's likelihood of "ultimate" success. Indeed, even the FTC appears to acknowledge that Defendants' constitutional challenges *ultimately* must be addressed. (Dkt. 113 at 13 (offering assurance that "Defendants may still have their day in court on their constitutional counterclaims").)

The FTC nevertheless claims that the section 13(b) inquiry focuses only on "the likelihood of success before the Commission." (*Id.* at 12 (citing *FTC v. Advoc. Health Care*, 2017 WL 1022015, at *16 (N.D. Ill. Mar. 16, 2017).) Given this "narrow" inquiry, the FTC argues, Defendants' "constitutional defenses are immaterial to the Court's analysis." (*Id.*)

In the Seventh Circuit, however, the relevant inquiry is not so "narrow." Rather, evaluation of the "likelihood of success on the merits" looks to "when those merits are *ultimately* determined after a full trial (in this case, after a full administrative proceeding before the FTC, ***followed by judicial review*** if the acquisition is held to violate section 7 and the parties to the acquisition petition for judicial review in one of the courts of appeals)." *FTC v. Elders Grain, Inc.*, 868 F.2d 901, 903 (7th Cir. 1989) (emphasis added); *cf. Joelner v. Vill. of Washington Park*, 378 F.3d 613, 625 (7th Cir. 2004) (constitutionality of underlying conduct relevant to determining likelihood of success on the merits); *Planned*

*Parenthood of Ind. & Ky., Inc. v. Comm'r*, 194 F. Supp. 3d 818, 830 (S.D. Ind. 2016) (same).

The decisions from this District on which the FTC relies are not to the contrary. *See Advoc. Health Care*, 2017 WL 1022015, at *2 ("[T]o demonstrate such a likelihood of ultimate success, the FTC must raise questions going to the merits so serious, substantial, difficult and doubtful as to make them fair ground for thorough investigation, study, deliberation and determination by the FTC in the first instance and ultimately by the Court of Appeals.") (internal quotations and citation omitted); *FTC v. OSF Healthcare Sys.*, 852 F. Supp. 2d 1069, 1074 (N.D. Ill. 2012) (same).[3] Nor is *Meta Platforms,* an out-of-circuit case. There, the district court struck with prejudice certain constitutional defenses to the extent they raised bias on the part of the FTC's Chair or other "procedural deficiencies," but granted leave to amend constitutional defenses that (unlike here) were "inadequately pled." *FTC v. Meta Platforms, Inc.*, 2022 WL 16637996, at *7 (N.D. Cal. Nov. 2, 2022). That ruling would make little sense if constitutional defenses were necessarily irrelevant to the section 13(b) analysis.

The constitutional defenses are also relevant to consideration of the equities, which the FTC must establish weigh in favor of an injunction. *See Joelner*, 378 F.3d at 620 ("[U]pholding constitutional rights serves the public interest."); *Gordon v. Holder*, 721 F.3d 638, 653 (D.C. Cir. 2013) ("[E]nforcement of an unconstitutional law is always contrary to the public interest."); *G & V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23

---

[3] Regrettably, the FTC obscures this aspect of *Advocate Health Care* by citing the concluding paragraph, in which the court merely granted the relief requested by enjoining the merger at issue "pending final disposition of the FTC's full administrative proceeding on the merits." *Advoc. Health Care*, 2017 WL 1022015, at *16. (Dkt. 113 at 12 (quoting same).)

F.3d 1071, 1079 (6th Cir. 1994) ("[I]t is always in the public interest to prevent the violation of a party's constitutional rights."). Blocking the transaction at issue in favor of an unconstitutional administrative process would serve neither the public nor the private interests at stake.

In short, the constitutional defenses provide additional and alternative defenses that are relevant to both critical inquiries under section 13(b)—the likelihood of ultimate success and the balance of harms. The FTC's "relevance" argument therefore provides no basis to strike under Rule 12(f).

## III.   THE FTC'S CUMULATIVENESS ARGUMENT IS BASELESS.

Finally, the FTC argues that the constitutional defenses are "unnecessary clutter" that can be deferred to allow the Court and the parties "to focus on the issues that the Court must decide to rule on Plaintiffs' motion for a preliminary injunction." (Dkt. 113 at 13.) While it is correct that the Court does not *need* to reach the constitutional defenses to deny the preliminary injunction, the constitutional defenses remain relevant additional or alternative bases for denying the preliminary injunction. The FTC's argument for striking these defenses therefore fails for much the same reason as does the FTC's relevance argument.

First, the argument is entirely circular. It assumes that the Court's section 13(b) analysis can necessarily be conducted without any consideration of constitutional principles. As demonstrated above, that assumption may be correct *if* the Court denies the preliminary injunction on grounds that do not implicate the constitution, but erroneous if, for example, the Court is otherwise inclined to grant the preliminary injunction. Accordingly, the constitutional defenses are anything but "clutter." *See Silberman*, 2021

WL 1057719, at *2 (striking defense may be appropriate where it would affect scope of discovery, but without such benefit is "wasteful make-work").

Second, while purporting to serve the interests of judicial economy and due consideration of important constitutional principles, the FTC's "cumulativeness" argument is actually antithetical to those interests. Without any sense of irony, the FTC argues that important constitutional questions should not be "shoehorned in alongside this expedited discovery schedule and the Court's antitrust analysis." (Dkt. 113 at 14.) Yet it is the FTC that seeks to "shoehorn." The FTC asks the Court to rule now and categorically, through a motion to strike, that the Constitution is irrelevant to the Court's section 13(b) analysis. In contrast, Defendants ask that the Court consider the constitutional defenses in due course in light of the totality of the evidence and arguments bearing on the FTC's request for preliminary injunctive relief.

The FTC also cites "limited agency resources" as a reason to strike the challenged defenses as cumulative. That argument rings hollow in light of the fact (discussed above) that the FTC has already briefed the constitutional defenses elsewhere. Moreover, although the FTC suggests that the constitutional claims "can most efficiently be litigated after the conclusion of the preliminary injunction hearing" (*id.* at 15), it is doubtful whether the FTC has any interest in *ever* reaching the merits of those claims.[4] It is also unclear how deferring constitutional questions to a second phase of proceedings will preserve agency resources,

---

[4] In light of the arguments advanced in the motion to strike, the undersigned counsel for Amgen inquired of the FTC, by email dated July 28, 2023, to "please confirm the FTC will not seek to dismiss the counterclaims." By email dated July 30, 2023, the FTC's counsel (Nathan Brenner) responded as follows: "Our position is clearly set out in the FTC's motion to strike. Defendants' counterclaims were only just served. We are considering the allegations and will respond when required pursuant to the Federal Rules."

especially considering fact discovery has ended as noted above. In any event, the FTC's plea for "efficiency" does not justify brushing aside questions of constitutional import by striking constitutional defenses that may be relevant as additional or alternative grounds for denying the preliminary injunction.

Similarly flawed is the FTC's contention that the constitutional defenses ought to be deferred because they raise "weighty" issues. (*Id.* at 2.) This ignores the extraordinarily weighty request the FTC makes of this Court: to block a transaction and further prolong or potentially prevent the realization of efficiencies that will benefit patients of Horizon's rare disease treatments. The fact that a defense to such a transaction is "weighty" is no justification for categorically excluding it from the Court's consideration.

## <u>CONCLUSION</u>

For the above reasons, Defendants' respectfully request that the Court deny the FTC's motion to strike Defendants' affirmative defense 13 in its entirety.

Dated:  August 10, 2023

Respectfully submitted,

/s/ David R. Marriott                             /s/ Ethan Glass

David R. Marriott

dmarriott@cravath.com

Timothy G. Cameron (*admitted pro hac vice*)

tcameron@cravath.com

Daniel K. Zach (*admitted pro hac vice*)

dzach@cravath.com

Jesse M. Weiss (*admitted pro hac vice*)

jweiss@cravath.com

CRAVATH, SWAINE & MOORE LLP

825 Eighth Avenue

New York, New York 10019

Telephone:  (212) 474-1000

Facsimile:  (212) 474-3700


Renata B. Hesse (*admitted pro hac vice*)

hesser@sullcrom.com

Samantha F. Hynes (*admitted pro hac vice*)

hyness@sullcrom.com

SULLIVAN & CROMWELL LLP

1700 New York Avenue, NW

Washington, DC 20006

Telephone:  (202) 956-7575


James R. Figliulo

jfigliulo@sgrlaw.com

Dylan Smith

dylansmith@sgrlaw.com

SMITH, GAMBRELL & RUSSELL, LLP

10 S. LaSalle, Suite 3600

Chicago, IL 60603

Telephone: (312) 360-6000

Facsimile: (312) 360-6520


*Attorneys for Defendant Amgen Inc.*

Ethan Glass

eglass@cooley.com

Jacqueline Grise (*admitted pro hac vice*)

jgrise@cooley.com

David Burns (*admitted pro hac vice*)

dburns@cooley.com

COOLEY LLP

1299 Pennsylvania Avenue, NW

Suite 700

Washington, DC 20004

Telephone:  (202) 842-7800

Facsimile:  (202) 842-7899


Matthew Kutcher

mkutcher@cooley.com

COOLEY LLP

110 N. Wacker Drive, Suite 4200

Chicago, IL 60606

Telephone: (312) 881-6500

Facsimile: (312) 881-6598


*Attorneys for Defendant Horizon Therapeutics plc*