**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF CALIFORNIA, STATE OF ILLINOIS, STATE OF MINNESOTA, STATE OF NEW YORK, STATE OF WASHINGTON and STATE OF WISCONSIN, <br><br> *Plaintiffs*, <br><br> v. <br><br> AMGEN INC. and HORIZON THERAPEUTICS PLC, <br><br> *Defendants*. | Case No. 1:23-cv-03053 <br><br> Judge John F. Kness |

**DEFENDANTS' LR 56.1(a)(2) STATEMENT
OF MATERIAL FACTS IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT ON CERTAIN OF THEIR COUNTERCLAIMS**

Pursuant to Local Rule 56.1(a)(2), Defendants Amgen Inc. ("Amgen") and Horizon Therapeutics plc ("Horizon" and, together with Amgen, "Defendants") respectfully submit the following statement of material facts in support of their motion for summary judgment on certain of their counterclaims.[1]

### A.     The Parties

1.     Defendant Amgen is a corporation organized, existing and doing business under and by virtue of the laws of the State of Delaware with its principal executive offices located at One Amgen Center Drive, Thousand Oaks, California.  (Dkt. 66, Amend. Compl. ¶ 33.)

2.     Defendant Horizon is a public limited company organized, existing and doing business under and by virtue of the laws of Ireland with its principal executive offices located at 70 St. Stephen's Green, Dublin 2, D02 E2X4, Ireland.  (Dkt. 66, Amend. Compl. ¶ 34.)

### B.     The Transaction and "Clearance Process"

3.     Pursuant to an agreement dated December 11, 2022, Amgen agreed to acquire all of the issued and ordinary share capital of Horizon through a newly formed, wholly owned subsidiary of Amgen (the "Transaction").  (Dkt. 66, Amend. Compl. ¶ 35.)

4.     Under the Hart-Scott-Rodino Act, parties to certain large mergers and acquisitions must file a premerger notification with both the Federal Trade Commission ("FTC") and the U.S. Department of Justice, Antitrust Division (the "DOJ"), but only one

---

[1] The exhibits referenced herein are appended to the accompanying Declaration of David R. Marriott in support of Defendants' Motion for Summary Judgment on Certain of Their Counterclaims.

antitrust agency will review the proposed merger. (Exhibit 1, Federal Trade Commission, *Premerger Notification and the Merger Review Process*, at 1.)

5. Upon filing of the premerger notification, staff from the FTC and DOJ consult and the matter is "cleared" to one agency or the other for review. (*Id.*) This process is known as the "clearance process." (*Id.*)

6. The "clearance process" has no specified rules and therefore no reliably predictable outcome. (Exhibit 2, Testimony of Abbott B. Lipsky, Jr., Committee on the Judiciary, Subcommittee on Antitrust, Competition Policy and Consumer Rights, United States Senate, at 4.)

7. The FTC and DOJ divide merger review between them pursuant to an *ad hoc* agreement. (*Id.* at 10, quoting Financial Services and Products: The Role of the Federal Trade Commission in Protecting Customers, Statement of Timothy J. Muris before the U.S. Senate, Committee on Commerce, Science and Transportation, Subcommittee on Consumer Protection, Product Safety and Insurance, Washington, D.C., March 17, 2010.) The flip of a coin (to resolve a dispute between the two agencies over which agency should review the merger) could determine whether a merger survives antitrust scrutiny. (*Id.*)

8. Review of the Transaction was assigned to the FTC instead of to the DOJ. (Dkt. 66, Amend. Compl. at 1.)

**C.     FTC Investigation / Litigation**

9. The FTC opened an investigation into the Transaction. (Dkt. 66, Amend. Compl. at 1.)

10. As part of its investigation, the FTC:

3

- issued Civil Investigative Demands (Decl. of D. Marriott ¶ 3);
- issued and received evidence from a Request for Additional Information and Documentary Material ("Second Request") (*Id.*);
- met with, interviewed, and received evidence from potential witnesses (*Id.*);
- initiated this enforcement action and a parallel action in its administrative court, charging Petitioners with violating the law (Dkt. 66, Amend. Compl. at 1; Exhibit 3, Administrative Complaint, at 1);
- engaged in settlement negotiations with Petitioners (Decl. of D. Marriott ¶ 4);
- issued a press release about its enforcement efforts (Exhibit 4, FTC press release dated May 16, 2023, at 1).

Dated: August 21, 2023

New York, New York

Respectfully submitted,

/s/ David R. Marriott

David R. Marriott
dmarriott@cravath.com
Timothy G. Cameron (*admitted pro hac vice*)
tcameron@cravath.com
Daniel K. Zach (*admitted pro hac vice*)
dzach@cravath.com
Jesse M. Weiss (*admitted pro hac vice*)
jweiss@cravath.com
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

Renata B. Hesse (*admitted pro hac vice*)
hesser@sullcrom.com
Samantha F. Hynes (*admitted pro hac vice*)
hyness@sullcrom.com
SULLIVAN & CROMWELL LLP
1700 New York Avenue, NW
Washington, DC 20006
Telephone: (202) 956-7575

James R. Figliulo
jfigliulo@sgrlaw.com
Dylan Smith
dylansmith@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
10 S. LaSalle, Suite 3600
Chicago, IL 60603
Telephone: (312) 360-6000
Facsimile: (312) 360-6520

*Attorneys for Defendant Amgen Inc.*

/s/ Ethan Glass

Ethan Glass
eglass@cooley.com
Jacqueline Grise (admitted pro hac vice)
jgrise@cooley.com
David Burns (admitted pro hac vice)
dburns@cooley.com
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

Matthew Kutcher
mkutcher@cooley.com
COOLEY LLP
110 N. Wacker Drive, Suite 4200
Chicago, IL 60606
Telephone: (312) 881-6500
Facsimile: (312) 881-6598

*Attorneys for Defendant Horizon Therapeutics plc*