# CRAVATH

David R. Marriott
dmarriott@cravath.com
T+1-212-474-1430
New York

August 28, 2023

*Federal Trade Commission, et al. v. Amgen Inc., et al.*, No. 23-cv-03053 (N.D. Ill.)

Dear Judge Kness:

I write on behalf of Defendants in the above-referenced action to provide Defendants' position on the issues set forth in the August 25, 2023 letter from Plaintiff Federal Trade Commission to the Court concerning a preliminary pretrial conference.

1. ***The schedule for and anticipated length of the evidentiary hearing.***

Defendants understand that Plaintiffs believe the evidentiary hearing can be completed in fewer than eight days and therefore could start on September 14 or 15.[1] Defendants propose that the evidentiary hearing begin on September 13 and conclude by September 22.[2] Defendants believe it is premature to say with any certainty that the hearing can be completed in fewer than eight days because a number of factors that may impact hearing length remain unresolved.

---

[1] The evidentiary hearing presently is set to start on Monday, September 11, recess on Tuesday, September 12 (the day of the *Illumina* Fifth Circuit argument) resume on Wednesday, September 13, and conclude by Friday, September 22.

[2] Plaintiffs have proposed that each side get 15 hours to put on its case, with an additional 45 minutes for each of opening statements and closing arguments. Defendants propose that each side get 28 hours to put on its case, inclusive of openings, closings and deposition designations. Under Defendants' proposal, each party would use its hearing time as it sees fit (*e.g.*, a longer opening and shorter presentation of the evidence or vice versa); time used in argument on evidentiary matters would be charged to the losing party; and time used during any questioning by the Court would be allocated in the Court's discretion.

**NEW YORK**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

Those factors include the number of witnesses who will testify live,[3] the Court's preference for the number of hours available for case presentation during each hearing day, and the presentation of deposition and investigational hearing testimony (*see* issue number 3 below).

While it is possible that all of the issues that may impact hearing length will be resolved in a way that allows the hearing to conclude in fewer than eight days, it is also possible that the parties will need the full eight days to put on their respective cases. Defendants therefore propose that the Court set September 13 as the definitive start date for the hearing. Doing so now will minimize the risk that the parties run out of time while still concluding with closing arguments on September 22, and will provide greater predictability on timing for the witnesses who will be called live, as well as the parties and the Court.

2. ***Scheduling final pretrial conference and submission of proposals regarding final pretrial order.***

Defendants propose that the final pretrial conference take place at a date and time convenient for the Court during the week prior to the start of the evidentiary hearing.[4] If amenable to the Court, Defendants propose setting the date of the final pretrial conference for September 7 or 8 at a time convenient for the Court. Holding the final pretrial conference the week before the start of the evidentiary hearing would avoid scheduling conflicts with the *Illumina* case in the Fifth Circuit and enable resolution of any remaining disputes concerning the hearing and presentation of evidence sufficiently in advance of the start of the hearing. Defendants propose that the parties submit proposed final pretrial orders two days in advance of the date set for the final pretrial conference. Defendants understand Plaintiffs' position to be

---

[3] Defendants understand that Plaintiffs presently intend to call live in their case-in-chief four expert and seven fact witnesses (four party and three third party witnesses), and potentially two experts in rebuttal. Defendants presently intend to call live six expert witnesses and six fact witnesses (all of whom are party witnesses and two of whom will also be called in Plaintiffs' case-in-chief). Pursuant to the Case Management Order, final witness lists are due on September 6.

[4] Because September 4 is Labor Day, the week prior to the evidentiary hearing runs from September 5 through September 8.

that the hearing start date could be moved to September 14 or 15 to allow the pretrial conference to be scheduled the same week as the hearing while avoiding scheduling conflicts. Defendants oppose starting the evidentiary hearing later than September 13 for the reasons explained above.

3. ***Whether the parties can cite in post-hearing findings to testimony taken during FTC investigational hearings or depositions not designated in advance of the evidentiary hearing or presented to the Court during the evidentiary hearing.***

Plaintiffs propose that the parties be able to cite in post-hearing briefing any testimony taken during an FTC investigational hearing or deposition in this action, even if that testimony was not designated in advance of the evidentiary hearing or presented to the Court during the evidentiary hearing. This would—counter to the mandates of Federal Rule of Civil Procedure 32 and standard practice—result in Plaintiffs being able to cite out-of-court testimony in their post-hearing briefing without Defendants knowing in advance of the hearing what testimony Plaintiffs will submit to the Court and having an opportunity to respond to that testimony, invoke preserved objections to that testimony and submit appropriate counter-designations; it would also permit unlimited use of testimony. Accordingly, Defendants oppose that proposal.

Defendants' position is that any deposition testimony a party wants the Court to consider should (a) be designated in advance of the evidentiary hearing and (b) count toward the party's hearing time, whether or not the testimony is presented to the Court during the hearing. Specifically, Defendants propose that the time related to any designated deposition testimony not presented at the hearing would be tallied and counted against the designating party's total allotted hearing time, while counter-designation time would be tallied and counted against the counter-designating party's time.

Defendants believe that allowing a party to cite in its findings any and all out-of-court testimony creates problematic incentives to introduce evidence into the record in a way that would be disorderly and less helpful to the Court than requiring each party to designate specific deposition testimony that it believes is important to its case. Underscoring the point, during a

3

recent meet and confer on this issue, counsel for the FTC indicated that, if Plaintiffs were required to designate all of the testimony they propose to potentially use in post-hearing submissions, purportedly to preserve their options, they would designate *every* line of *each* of the 29 deposition and investigational hearing transcripts, which would require Defendants to lodge applicable objections on numerous pages of testimony and for the Court to rule on each such objection. By contrast, requiring the parties to designate *specific* deposition testimony in advance of the hearing, in a manner that counts as part of each party's hearing time, would enable an orderly presentation of evidence because it would encourage particularized designations and provide the opposing party an opportunity to lodge any applicable objections and to make focused counter-designations for completeness for the Court's consideration at the hearing. Defendants' proposal would also facilitate the creation of a thorough but manageable record for the Court because requiring that designated testimony be charged against the designating party's allotted hearing time would incentivize the parties to put on their proof in an efficient manner. And, Plaintiffs' stated intent to rely on a significant amount of out-of-court testimony only underscores the prudence of starting the hearing on September 13, since doing so would afford the Plaintiffs sufficient time to present the evidence they believe is important to their case rather than their introducing evidence for the first time only after the hearing.

      Defendants also oppose any effort by Plaintiffs to submit investigational hearing testimony as evidence in this case and intend to move *in limine* to exclude such testimony. Investigational hearings are conducted during FTC investigations prior to the Commission filing a complaint and they lack many of the procedural safeguards of the Federal Rules. Defendants were not present for any FTC investigational hearing of third parties and by rule were not allowed, during investigational hearings of party witnesses, to examine such witnesses without permission of the FTC hearing officer, permission which can be withheld at the FTC hearing officer's discretion. Moreover, every witness who sat for an investigational hearing in this

matter subsequently sat for a deposition, at which both parties had the opportunity to ask questions and which were conducted subject to the safeguards of the Federal Rules.

4. ***Whether Plaintiffs may present rebuttal witnesses following the close of Defendants' case.***

Plaintiffs propose that they have the option to present rebuttal witnesses following the close of Defendants' case. Plaintiffs have preliminarily identified two potential rebuttal witnesses, both experts. Defendants do not believe there is any need for a third and last "rebuttal" phase of the case. By the time the hearing begins, the parties will have exchanged expert reports and all experts will have been deposed. Accordingly, Plaintiffs will have full visibility into the expert opinions Defendants will offer at the evidentiary hearing when they begin their case-in-chief, and there is no reasonable basis for Plaintiffs not to present in their case-in-chief any evidence they choose that relates to those opinions.[5]

Respectfully submitted,

/s/ David R. Marriott

David R. Marriott

Honorable John F. Kness
   Everett McKinley Dirksen United States Courthouse
      219 South Dearborn Street
         Chicago, IL 60604

Copy to:

All counsel of record (via ECF)

---

[5] Plaintiffs' August 25th letter identified two other issues to be addressed in the parties' preliminary pretrial conference submissions – (i) page limits on post-hearing proposed findings of fact and conclusions of law and (ii) numerical limits on proposed hearing exhibits. The parties have since further conferred and reached agreement on the issue of numerical limits on proposed hearing exhibits, and have agreed to continue to meet and confer on page limits after Plaintiffs submit their reply brief in support of their preliminary injunction motion and any rebuttal expert reports, with a view to submitting a proposal to the Court in advance of the final pretrial conference.