IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 23-cv-3053 |
| | ) | |
| v. | ) | |
| | ) | |
| AMGEN, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

**THE COMMITTEE FOR JUTICE'S MOTION FOR LEAVE TO
FILE A BRIEF AS AMICUS CURIAE IN SUPPORT OF DEFENDANTS**

The Committee for Justice moves for leave to file a brief as amicus curiae both in support of the defendants' opposition to the FTC's motion for a preliminary injunction and in support of the defendants' motion for summary judgment on the following grounds:

1. While the Federal Rules of Civil Procedure are silent as to whether a district court has the authority to accept amicus briefs for filing, this Court has concluded that it may accept such briefs. *See Bost v. Illinois State Board of Elections*, No. 22-cv-02754, 2022 WL 6750940, at *7 (N.D. Ill. Oct. 11, 2022).

2. The FTC initiated this case seeking to enjoin a merger between the defendants pending resolution of administrative proceedings. The defendants, in turn, have filed a counterclaim against the FTC. In this counterclaim, the defendants allege that the FTC is unconstitutional because, among other things, its for-cause removal provisions for its directors violates Article II of the Constitution. The defendants raise these constitutional arguments both in opposing the FTC's motion for a preliminary injunction and in their motion for summary judgment.

3. The Committee for Justice (CFJ) is a nonprofit, nonpartisan legal and policy organization dedicated to promoting the rule of law and preserving the Constitution's limits on

federal power, its protection of individual liberty, and the separation of powers. As such, it has an interest in the outcome of this case, which raises serious constitutional issues going to the very heart of the separation of powers.

4. The CFJ seeks to file an amicus brief in support of the Defendants' Article II constitutional arguments. Its amicus brief demonstrates that the powers the FTC currently has are different from the powers it had in 1935, when the Supreme Court rejected a similar Article II constitutional challenge to the for-cause removal provisions of the FTC's commissioners in *Humphrey's Executor v. United States*, 295 U.S. 602 (1935). Given this difference, nothing prevents this Court from declaring the FTC as it currently exists unconstitutional while still adhering to *Humphrey's Executor*.

5. The defendants have no opposition to this motion, and consent to it. The FTC has informed undersigned counsel that it takes no position one way or the other on the matter—that is, the FTC neither objects to nor consents to this motion.

6. The proposed amicus brief is attached to this motion.

Accordingly, The Committee for Justice prays this Court grant it leave to file the proposed amicus brief attached to this motion.

Respectfully submitted,

*/s/ John M. Reeves*
John M. Reeves, No. 6295382
REEVES LAW LLC
7733 Forsyth Blvd., Suite 1100 – #1192
St. Louis, MO 63105
(314) 775-6985
reeves@appealsfirm.com
*Attorney for Amicus Curiae the Committee for Justice*